UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-00962-SEB-MJD |
| ) | |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

This matter comes before the Court on Plaintiff's Motion for Stay. [Dkt. 28.] For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**I.    Background**

Plaintiff applied for short term disability ("STD") benefits that are provided to Defendant's employees. Defendant approved and paid Plaintiff STD benefits from January 26, 2016 through September 12, 2016. [Dkt. 1 at 2.] Defendant denied Plaintiff's claim for additional STD benefits after September 12, 2016. [Dkt. 28; Dkt. 30.] Plaintiff appealed Defendant's decision and on January 25, 2017 Defendant denied Plaintiff's appeal. [Dkt. 1 at 2.]

On March 29, 2017, Plaintiff brought this action alleging Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA") by prematurely terminating her claim for STD benefits. [Dkt. 1.] At around the same time or shortly thereafter,[1] Plaintiff

---

[1] The parties' briefs did not provide the exact date when Plaintiff filed her claim for LTD benefits with Defendant. The Court estimated the timing of Plaintiff's LTD benefits claim based on the information provided.

submitted to Defendant a claim for long term disability ("LTD") benefits related to the same disability and medical conditions she alleges support her claim for STD benefits. [Dkt. 28.] Defendant denied Plaintiff's LTD benefits claim and the claim is pending in Defendant's appeal process. [*Id.*] Plaintiff now seeks to stay this matter for 120 days to await the outcome of the LTD benefits appeal. [*Id.*]

Plaintiff argues that a stay would avoid piecemeal litigation of the STD benefits and LTD benefits claims because assuming Defendant denies her LTD benefits claim, Plaintiff can include that denial within this lawsuit and the Court will be able to adjudicate both claims at the same time. [Dkt. 28.] In response, Defendant argues that if Defendant denies Plaintiff's LTD benefits claim, Plaintiff would not be able to simultaneously litigate her STD benefits and LTD benefits claims because the relevant plan terms require participants to first exhaust fifty-two (52) weeks of STD benefits before being considered for LTD benefits. [Dkt. 30 at 3.] Defendant maintains that it is undisputed Plaintiff did not meet this requirement. [*Id.*] Moreover, Defendant notes that because Plaintiff did not receive fifty-two (52) weeks of STD benefits, the claims administrator has not even considered whether there was sufficient evidence to satisfy other required criteria. [*Id.*] Thus, Defendant argues that even if Plaintiff prevails on her STD benefits claim and exhausts the fifty-two (52) weeks of STD benefits, the Court would still be required to remand consideration of the LTD claim back to the claims administrator. [*Id.* at 4.]

In reply, Plaintiff argues that Defendant's LTD denial letter dated May 25, 2017 only stated that it denied Plaintiff LTD benefits because she did not first exhaust the required fifty-two (52) weeks of STD benefits. [Dkt. 31 at 2–3.] Thus, under ERISA, Defendant is not allowed to generate new reasons for the denial of her LTD benefits claim besides the sole reason stating in the May 25, 2017 correspondence. [*Id.*] Consequently, Plaintiff argues that if the Court finds

2

that Defendant prematurely terminated her STD benefits claim, Defendant's basis for denying her LTD benefits claim will become moot and Plaintiff will be entitled to the LTD benefits. [*Id.* at 5.]

## II. Legal Standard

"[T]he power to stay proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III. Discussion

Plaintiff argues that if she prevails on her STD benefits claim and exhausts the fifty-two (52) weeks of STD benefits, she would be automatically eligible to receive LTD benefits. Plaintiff asserts that under ERISA, the initial denial notification must set out every reason for a decision denying benefits. Given the fact that Defendant's LTD denial letter dated May 25, 2017 only stated that it denied Plaintiff LTD benefits because she did not first exhaust the required fifty-two (52) weeks of STD benefits, Plaintiff argues that Defendant is prohibited from generating new reasons for its denial of Plaintiff's LTD benefits claim. Defendant argues that even if Plaintiff exhausts the fifty-two (52) weeks of STD benefits, the Court would still be required to remand consideration of the LTD claim back to the claims administrator to determine whether Plaintiff meets other required criteria. The Court addresses the parties' arguments in turn.

"ERISA sets certain minimum requirements for procedures and notifications when a plan administrator denies a claim for benefits." *Zuckerman v. United of Omaha Life Ins. Co.*, No. 09–CV–4819, 2011 WL 2173629, at *3 (N.D. Ill. May 31, 2011). In a nutshell, ERISA requires the plan administrator to provide specific reasons for the denial of the claim and to give the claimant an opportunity for a "full and fair review." *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 688 (7th Cir. 1992). Section 1133 of ERISA provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall–
> (1) Provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
> (2) Afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The ERISA regulations provide specific requirements that a notification of any adverse benefit determination must contain. 29 C.F.R. § 2560.503–1(g) (2017).[2] These requirements ensure that when a claimant appeals a denial to the plan administrator, she will be able to address the determinative issues and have a fair chance to present her case. *Zuckerman v. United of Omaha Life Ins. Co.*, No. 09–CV–4819, 2011 WL 2173629, at *3 (N.D. Ill. May 31, 2011) (citing *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992)). In *Halpin*, the United States Court of Appeal for the Seventh Circuit held that: "[o]ur case law, which is in accord with that of the other circuits, makes clear that these regulations are designed to afford the beneficiary an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial." *Halpin*, 962 F.2d at 689 (citing *Brown v. Ret. Comm. of Briggs & Stratton Ret.*

---

[2] A new regulation was made effective on January 18, 2017. 29 C.F.R. § 2560.503–1 (2017). Plaintiff cited to the old regulation. [Dkt. 31. at 3–4.] However, because Plaintiff's proposition is not affected by the new regulation, the Court will consider Plaintiff's argument on its merits.

Plan, 797 F.2d 521, 534 (7th Cir. 1986) ("The persistent core requirements of review intended to be full and fair include knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.")). In determining whether an adverse benefit determination complies with the applicable regulations, substantial compliance is sufficient. *Zuckerman*, 2011 WL 2173629, at *3.

In *Zuckerman*, the defendant advised the plaintiff that she was not eligible to apply for LTD benefits while also seeking worker's compensation benefits. *Id.* at *4. Relying on this representation, the plaintiff did not file her disability claim until after her worker's compensation claim was resolved. *Id.* The defendant then asked the court to dismiss the plaintiff's claim because the plaintiff, relying on the defendant's advice, failed to file a timely claim for LTD benefits. *Id.* The timeliness of the plaintiff's claim was not raised by the defendant until after the defendant denied the LTD benefits on the merits and the plaintiff had exhausted her appeal rights. *Id.* Holding for the plaintiff, the court specifically rejected the defendant's argument that "while ERISA prohibits 'an attempt by a plan to supply a new rationale for denying benefits *after* the claim is in litigation,' it does not prohibit a plan 'from denying a claim based on defenses not considered during the plan's initial claims review.'" *Id.* (emphasis in original). The court reasoned that "[o]nly by providing every reason for the denial can the participant 'appreciate the fatal inadequacy of [her] claim as it stands' and 'gain a meaningful review by knowing with what to supplement the record between the initial notice of a claim denial and the determination under the internal appeals process." *Id.*

Here, Plaintiff argues that Defendant's denial letter dated May 22, 2017 constitutes the initial denial notification and it must state every reasons for the denial or Defendant would be precluded from supplementing new ones. [Dkt. 31 at 5.] To support her argument, Plaintiff cites to the decisions in *Halpin v. W.W. Granger*, 962 F.2d 685 (7th Cir. 1992) and *Zuckerman v. United of Omaha*, 2011 WL 2173629 (N.D. Ill. May 31, 2011), among others. [*Id.* at 4.] Plaintiff's argument, however, is without merit. In *Zuckerman*, the defendant only raised the issue of timeliness in the plaintiff's benefits claim after it had denied the plaintiff's LTD benefits ***on the merits*** and the plaintiff had exhausted her appeal rights. *Zuckerman*, 2011 WL 2173629, at \*4 (emphasis added). The court in *Zuckerman* held that the defendant did not raise the objection in a timely manner because it had already issued an initial denial notification citing to other defects after considering the plaintiff's claim on its merits. *Id.* In contrast to the defendant in *Zuckerman*, in this case, Defendant has not considered Plaintiff's claim on its merits. [Dkt. 30 at 3.] In fact, Defendant only denied Plaintiff's LTD benefits claim because Plaintiff did not meet the prerequisite of first exhausting fifty-two (52) weeks of STD benefits to be considered for LTD benefits. [*Id.*]

Moreover, in *Bickel v. Liberty Mutual Group, Inc.*, the court held that when the definition of disability varies between the STD plan and the LTD plan, the defendant did not have to pay LTD benefits simply because the claimant had met the prerequisite of first exhausting a certain number of weeks of STD benefits. *Bickel v. Liberty Mut. Grp., Inc.*, No. 1:10–CV–232–WTL–DML, 2010 WL 4923035, at \*4 (S.D. Ind. Nov. 23, 2010). In this case, the definition of disabled that is applicable to STD benefits is different from the definition of disabled that is applicable to LTD benefits. [Dkt. 30 at 2.] While the STD claim requires Plaintiff to prove she was disabled from her own job, the LTD claim requires objective medical evidence that Plaintiff was

6

prevented "from engaging in any occupation or employment … for which [she is] qualified or may reasonably become qualified based on education, training or experience." [Dkt. 30 at 3–4.] Thus, although exhausting the fifty-two (52) weeks of STD benefits is a prerequisite to be considered for LTD benefits, meeting this requirement alone does not automatically entitle Plaintiff to LTD benefits.

Furthermore, as Defendant correctly points out, when the type of "own occupation" versus "any occupation" distinction arises in the definitions of disability under the STD claim and LTD claim, an administrator must be given an opportunity to determine whether an individual is disabled under the "any occupation" definition—even if the court finds that denial of benefits during the preceding "own occupation" period was arbitrary and capricious. *Bickel,* 2010 WL 4923035, at \*4; *see also Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 607 (7th Cir. 2008). Accordingly, even if Plaintiff prevails in her STD benefits claim, she will not automatically receive LTD benefits. The Court would still have to remand the case back to the claims administrator to determine whether Plaintiff is entitled to LTD benefits.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Stay. [Dkt. 28.]

Also before the Court is Plaintiff's motion to enlarge the deadline to file her motion for summary judgment pending the Court's ruling on the motion to stay. [Dkt. 32.] That motion is hereby GRANTED and the Court hereby amends paragraph 5 of the schedule set forth in its Minute Entry for June 1, 2017 [Dkt. 12 at 1-2] as follows:

> Plaintiff shall file any dispositive motion on or before **December 8, 2017**. Defendant shall respond thereto and include any cross-dispositive motion on or before **January 8, 2018**. Plaintiff shall respond to Defendant's cross-dispositive motion, and include any reply in support of Plaintiff's dispositive motion, on or before **February 8, 2018**. Defendant shall file any reply in support of its cross-dispositive motion on or before **February 23, 2018**.

All other requirements of the Court's Minute Entry for June 1, 2017 [Dkt. 12] remain in effect.

SO ORDERED.

Dated: 22 NOV 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Mark J. Plantan
LITTLER MENDELSON, P.C.
mplantan@littler.com

Daniel W. Srsic
LITTLER MENDELSON
dsrsic@littler.com