UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:17-cv-0962-SEB-DLP |
| vs. | ) |
| | ) |
| AT&T UMBRELLA BENEFIT PLAN | ) |
| NO. 3, | ) |
| | ) |
| Defendant. | ) |

Order on Motion to Maintain the Administrative Record Under Seal
(Filing No. 39)

This matter comes before the Court on Defendant's Motion to Maintain the Administrative Record Under Seal (Filing No. 39), filed on January 16, 2018. Plaintiff filed a response in opposition on January 26, 2018 (Filing No. 42), and Defendant filed a reply on January 31, 2018 (Filing No. 43). The motion was referred to the undersigned for ruling. For the reasons that follow, the motion is denied.

Background

The plaintiff Shannon Fowler sued the Defendant AT&T Umbrella Benefit Plan No. 3 (the Plan), under the Employee Retirement Income Security Act of 1974 (ERISA), challenging the termination of her short-term disability benefits under the Plan. Both parties have moved for summary judgment. (Filing Nos. 34 & 40). When the Plan filed its summary judgment motion, it filed the administrative

record under seal and moved for an order to maintain the record under seal. (Filing No. 39). The parties' cross-motions for summary judgment necessarily rely on the administrative record, which is 757 pages long and includes Ms. Fowler's medical records and reports along with summaries and analyses of those records.

## Discussion

The Plan argues that the administrative record should remain under seal because it is permeated with Ms. Fowler's social security number, date of birth, and personal and private medical information. The Plan asserts it would be burdensome to scour the record to locate and redact the personal identifying information and that doing so would leave Ms. Fowler's sensitive medical information exposed. In addition, the Plan fears that even with diligence, personal identifying information and sensitive medical information might be missed. If the motion is denied, the Plan asks that the Court order Ms. Fowler to file the administrative record because she can waive the protections of Federal Rule of Civil Procedure 5.2(h), and she bears the burden of proving her entitlement to the disability benefits, see *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 663 (7th Cir. 2005).

Ms. Fowler responds that the Plan has not carried its burden under Seventh Circuit case law and Southern District of Indiana Local Rule 5-11(e) to establish good cause for maintaining the administrative record under seal. She argues the record is relevant and material to the resolution of this matter, and therefore it

should not be kept from the public. She suggests that a less restrictive alternative to sealing, namely, redaction would afford adequate protection.

The Plan replies that the prevalence of Ms. Fowler's medical records in the record establishes good cause to maintain the entire record under seal. The Plan contends Ms. Fowler misconstrues the protection that redaction may afford because it would not protect her medical information in the claim file.

"Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010). The public interest in transparent judicial proceedings "can be overridden only if the [litigants' property and privacy] interests predominate in a particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Ms. Fowler initiated this action in federal court, placing her personal and sensitive medical information in the public eye. Basic redaction requirements will afford some protection to her privacy. *See* Fed. R. Civ. P. 5.2(a) (directing that personal information including last four digits of social security numbers and the year of a person's birth be redacted); see also S.D. Ind. L.R. 5-11(c) (documents redacted under Rule 5.2(a) not to be filed under seal). Ms. Fowler's opposition to maintaining the administrative record under seal demonstrates she does not seek protection of her medical information in that record from the public. Instead, she wants the public to have access to the claims record because it is relevant and

3

material to the resolution of this matter. She merely seeks redaction of information under Fed. R. Civ. P. 5.2(a). Therefore, the Court finds that Ms. Fowler's privacy interests do not outweigh the public's interest in transparent judicial proceedings.

The Court also understands the Plan is asserting an interest in keeping Ms. Fowler's medical information under seal. The Plan states:

> Protecting the confidentiality of … medical information is a priority for the Plan in order to promote the privacy interests of all participants and beneficiaries and their confidence in Plan administration. Whether the Plan should act to guard the medical information it receives is not subject to the whims of each participant. Failing to protect one participant's privacy may cause others to restrict the records that they are willing to provide to Plan administrators in the future, interfering with the proper administration of benefit claims.

(Filing No. 43 at ECF p. 2). The Plan has taken steps to protect Ms. Fowler's medical information by filing its motion to maintain the record under seal, and there is no suggestion it has failed in any way to protect the privacy of its participants and beneficiaries. The Plan has not shown that its interest in keeping Ms. Fowler's medical information private outweighs the public's interest in disclosure.

The Plan likens this matter to a social security appeal for which Federal Rule of Civil Procedure 5.2(c) provides limited public remote access due to the prevalence of sensitive medical information and the volume of filings. *See* Fed. R. Civ. P. 5.2, advisory committee's note to 2007 amendment. It is one thing to limit the public's remote access to sensitive medical information; it is another thing to preclude public access to such information.

The Plan asserts that it would be burdensome to locate and redact the personal identifying information in the record, but the mere assertion of an unspecified burden fails to show that the costs of redaction outweigh the public's interest in openness. And, as noted, Ms. Fowler does not oppose the disclosure of her sensitive medical information in this case.

As the Plan acknowledges, the administrative record is typically filed by the defendants in these types of cases. The Plan has not shown that with due diligence, redaction under Rule 5.2 cannot afford adequate protection to Ms. Fowler's personal information. Even if, despite diligence, personal identifying information is inadvertently filed, either party can seek appropriate relief with the Court. Ms. Fowler's summary judgment motion relies heavily on the record; thus, she cannot prevail on her motion unless the record is filed. And Ms. Fowler as the plaintiff bears the burden of proving her case. The Plan, however, has moved for summary judgment in its favor, and in doing so, it, too, relies heavily on the record. Therefore, the Court declines to order that the record be filed by Ms. Fowler.

## Conclusion

The Plan has not shown good cause for maintaining the administrative record under seal. Accordingly, its Motion to Maintain the Administrative Record Under Seal (Filing No. 39) is DENIED.

The Plan is DIRECTED to file within thirty days of this date the administrative record with appropriate redaction under Fed. R. Civ. P. 5.2(a). Filing No. 38, however, shall remain under seal until further order of the Court.

So ORDERED.

Date: 3/27/2018

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system